Filed 9/14/21  P. v. Westfall CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E076163 |
| v. | (Super.Ct.No. SCR41572) |
| LARRY GENE WESTFALL, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  J. David Mazurek, Judge.  Affirmed.

Stephen M. Hinkle, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Anthony Da Silva, Deputy Attorneys General, for Plaintiff and Respondent.

1

Appellant and defendant Larry Gene Westfall appeals from the denial of his petition to vacate a murder conviction under Penal Code[1] section 1170.95, the resentencing provision of Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Stats. 2018, ch. 1015) (Senate Bill 1437).  In 1985, a jury found him guilty of first degree murder and found true the special circumstance that he committed the crime intentionally and for financial gain.  (§ 190.2, subd. (a)(1).)  A trial court summarily denied his section 1170.95 petition on the grounds that he was convicted either as the direct perpetrator or an aider and abettor of the murder, and his special circumstance allegation required a finding that he had the intent to kill.

On appeal, defendant argues the trial court erred by denying his petition without issuing an order to show cause.  He contends he established a prima facie case for relief, and the matter should be remanded for the court to fully implement the statutory procedure.  We disagree and affirm.

## FACTUAL BACKGROUND

The factual background comes directly from the unpublished opinion we issued in 1988, affirming defendant's conviction in *People v. Westfall* (Jan. 29, 1988, E002997).

"Frankie Perez and his mother Anita Perez approached defendant about killing the victim for $500.  Frankie and Anita were jealous and angry because the victim was living with and pregnant by Frank Perez, Anita's husband.  Defendant discussed this plan with

---

[1]  All further statutory references will be to the Penal Code, unless otherwise noted.

2

them; however, defendant claimed that he changed his mind and communicated this fact to Frankie. Anita persuaded Frank to move back with her for a two-week period. During this period, Frankie and defendant visited the victim at her apartment. According to defendant, Frankie began stabbing the victim with a knife. Defendant claimed that he attempted to stop Frankie and was cut on the hand. At trial, several witnesses testified that defendant told them about the murder afterward and that they had seen defendant with several $100 bills soon after the killing."

## PROCEDURAL BACKGROUND

Defendant was charged by information with first degree murder (§187, subd. (a)), with an allegation that he used a deadly weapon (former § 12022, subd. (b)). The information was later amended to add the special circumstance allegation that he committed the murder intentionally and carried out the murder for financial gain. (§ 190.2, subd. (a)(1).)

The jury found defendant guilty of first degree murder and found true the allegation that he committed the murder for financial gain; however, it found the weapon allegation not true. On February 2, 1986, the court sentenced him to life in state prison without parole.

Defendant appealed, and this court affirmed the judgment. (*People v. Westfall*, *supra*, E002997.)

On March 5, 2020, defendant filed a petition for resentencing under section 1170.95, in propria persona, alleging that he was convicted of first or second degree murder pursuant to the felony murder rule or the natural and probable consequences

3

doctrine, and that he could not now be convicted of first or second degree murder because of the amendments to sections 188 and 189. He also requested appointment of counsel. The People filed an informal response, arguing that defendant failed to state a prima facie case for relief under section 1170.95. They stated that he was not eligible for relief since he was not convicted of murder under a theory of felony murder or under the natural and probable consequences doctrine. Rather, he was found guilty of first degree murder as an aider and abettor with the intent to kill, by virtue of the jury finding that he committed the murder for financial gain under the special circumstance alleged. The People concluded that defendant was not eligible for relief since he fell within the exception set forth in section 189, subdivision (e)(2), and attached a copy of this court's opinion in *People v. Westfall*, *supra*, E002997.

An appointed public defender filed a response on defendant's behalf, arguing that, based on the facts shared by the People, defendant was not the actual killer and there were no facts given as to how he aided or abetted in the killing. He further asserted there was no evidence defendant participated in the murder and pointed out that the jury found he did not personally use a knife. The public defender stated that the only way defendant was found guilty was under the natural and probable consequences doctrine since there was no record of him "doing any stabbing or doing anything other than being present."

On October 2, 2020, the court held a hearing on the petition. The court noted that it reviewed defendant's petition, the People's informal response, defendant's opposition, and the record in the case. Defense counsel asserted that it was found not true that defendant used a knife in the commission of the crime, so he was not the actual murderer,

4

and there was no evidence in the record that he participated in the murder; the only evidence was that he agreed to take money. He further argued that, even though defendant was not convicted of a felony other than the murder, "it could be argued that he still was found liable under felony murder based on the actions involved in the case as well as the murder itself." Defense counsel concluded that the court should issue an order to show cause so it could review "all of the records before it," since there was no evidence of defendant being a major participant or actually aiding and abetting.

The court found that defendant was not statutorily eligible for relief under section 1170.95. It stated that he was not prosecuted under a theory of felony murder or the natural and probable consequences doctrine. He was prosecuted under a theory that he was either the murderer or an aider and abettor to murder, and "that being the case, the defendant must share the intent and therefore must have shared the intent to kill." The court also noted that the special circumstance of murder for financial gain was found true, which meant the jury necessarily found defendant had the intent to kill, as that was the first element of the special circumstance. Thus, the court found "the jury did find [he] acted with the intent to kill." Consequently, he was excluded from eligibility for relief.

## DISCUSSION

### The Court Properly Denied Defendant's Petition

Defendant contends the court erred in summarily denying his resentencing petition, since he established a prima facie case that he was entitled to relief by properly filing the form petition. He argues that the issue of whether he was convicted of murder on a theory of natural and probable consequences was "a factual issue that could not be

5

summarily denied at this stage of the proceeding without counsel and without the opportunity to produce more evidence as the statute provides" in section 1170.95, subdivision (d)(3). He also appears to be claiming that the court impermissibly engaged in factfinding when it cited facts from the record in ruling that he had not made a prima facie case for relief. We conclude the trial court properly considered the record of conviction, which clearly establishes defendant is ineligible for relief.

A. *Senate Bill 1437*

On September 30, 2018, the Governor signed Senate Bill 1437. (*People v. Martinez* (2019) 31 Cal.App.5th 719, 722-723.) "The legislation, which became effective on January 1, 2019, addresses certain aspects of California law regarding felony murder and the natural and probable consequences doctrine by amending Penal Code sections 188 and 189, as well as by adding Penal Code section 1170.95, which provides a procedure by which those convicted of murder can seek retroactive relief if the changes in law would affect their previously sustained convictions." (*Id*. at pp. 722-723.) "Senate Bill 1437 was enacted to 'amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*Id*. at p. 723.)

Section 1170.95 "lays out a process for a person convicted of felony murder or murder under a natural and probable consequences theory to seek vacatur of his or her conviction and resentencing. First, the person must file a petition with the trial court that

6

sentenced the petitioner declaring, among other things, that the petitioner 'could not be convicted of first or second degree murder because of changes to Section 188 or 189.' (§ 1170.95, subd. (a)(3); see § 1170.95, subd. (b)(1)(A).)  Then, the trial court must 'review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of th[e] section.'  (§ 1170.95, subd. (c).)  If so, the trial court must issue an order to show cause and hold a hearing to determine whether to vacate the murder conviction and to resentence the petitioner on any remaining counts. (§ 1170.95, subds. (c), (d)(1).)"  (*People v. Gentile* (2020) 10 Cal.5th 830, 853 (*Gentile*).)

B.  *The Court Properly Denied Defendant's Petition*

Pursuant to section 1170.95, an order to show cause may be issued when the defendant has made a prima facie showing he is entitled to relief.  To be entitled to relief, a defendant must show that he could not currently be convicted of first degree murder following the amendments to sections 188 and 189.  The amendments did not alter the law regarding the criminal liability of direct aiders and abettors of murder because such persons necessarily "know and share the murderous intent of the actual perpetrator." (*People v. McCoy* (2001) 25 Cal.4th 1111, 1118.)  One who directly aids and abets another who commits murder is thus liable for murder under the new law just as he was liable under the old law.  (*Gentile*, *supra*, 10 Cal.5th at p. 848 ["Senate Bill 1437 does not eliminate direct aiding and abetting liability for murder because a direct aider and abettor to murder must possess malice aforethought."].)

In determining if a defendant is entitled to relief, a trial court considering a section 1170.95 petition may consider the record of conviction, including a prior appellate

opinion, provided the court has appointed counsel and given counsel an opportunity for briefing. (*People v. Lewis* (2021) 11 Cal.5th 952, 958, 971-972 (*Lewis*).) "[T]he parties can, and should, use the record of conviction to aid the trial court in reliably assessing whether a petitioner has made a prima facie case for relief under subdivision (c)." (*Id.* at p. 972, fn. omitted.)

As a preliminary matter, we note that the trial court did appoint counsel for defendant and allowed the parties an opportunity for briefing. Thus, the trial court did not err in relying upon the record of conviction in making its determination that defendant was ineligible for relief under section 1170.95. Here, defendant is ineligible for relief under section 1170.95 as a matter of law because he was convicted on a ground that is still valid, notwithstanding the amendments to sections 188 and 189. As previously noted, the court appointed counsel, and the parties submitted informal briefing on the issues. The People argued that defendant was not eligible for relief since he was not convicted of murder under a theory of felony murder or under the natural and probable consequences doctrine. Rather, he was found guilty of first degree murder as an aider and abettor with the intent to kill, by virtue of the jury finding he committed the murder for financial gain under the special circumstance alleged. At the hearing on the petition, the trial court agreed that defendant was not prosecuted under a theory of felony murder, and that this was not a natural and probable consequences case. The court noted that the jury found true the special circumstance that defendant committed the murder for financial gain; thus, the jury found that he acted with the intent to kill. We observe that

8

defendant did not challenge the special circumstance finding. The jury's true finding on the special circumstance is dispositive.

Section 190.2 sets forth special circumstances that subject a person convicted of first degree murder to a punishment of death or life imprisonment without the possibility of parole. The special circumstance in section 190.2, subdivision (a)(1) applies when "[t]he murder was intentional and carried out for financial gain." (§ 190.2, subd. (a)(1).) When a defendant is not the actual killer, the financial-gain special circumstance applies if the defendant, "with the intent to kill, aids, abets, counsels, commands, induces, solicits, requests, or assists any actor in the commission of murder in the first degree." (§ 190.2, subd. (c).) The true finding on the financial-gain special circumstance thus indicates the jury found that defendant, with the intent to kill, directly aided and abetted the commission of the murder. In other words, the jury adopted a theory of murder liability—direct aiding and abetting—that is still valid after Senate Bill 1437. (§ 188, subd. (a)(3); *Gentile*, *supra*, 10 Cal.5th at p. 848.) In our prior unpublished opinion, we stated, "[a]n examination of the jury's verdicts reveals that defendant must have been found guilty as an aider and abettor," and we noted that the evidence presented at trial showed he admitted there was a plan to kill the victim. (*People v. Westfall*, *supra*, E002997.) The record thus establishes that defendant was not convicted of felony murder or murder under the natural and probable consequences doctrine. Accordingly, he is ineligible for relief under section 1170.95 as a matter of law.

Defendant claims there was an issue of whether he was convicted of murder on a theory of natural and probable consequences, and that was "a factual issue that could not

9

be summarily denied at this stage of the proceeding without counsel and without the opportunity to produce more evidence." He cites *People v. Drayton* (2020) 47 Cal.App.5th 965 (*Drayton*), overruled by *Lewis*, *supra*, 11 Cal.5th at p. 963, on other grounds), in which the court concluded that the trial court erred by not issuing an order to show cause. (*Id*. at p. 982.) However, *Drayton* is inapposite. In that case, the court concluded the trial court improperly engaged in factfinding by evaluating and weighing the evidence at the prima facie stage and finding that defendant was a major participant in the underlying felony who acted with reckless indifference to human life. (*Ibid*.) The court here did not evaluate or weigh the evidence. Rather, it denied defendant's petition based on the jury's special circumstance finding under section 190.2, subdivision (a)(1). Moreover, as defendant recognizes, the *Drayton* court held that the "authority to make determinations without conducting an evidentiary hearing pursuant to section 1170.95, subd[ivision] (d) is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime)." (*Id*. at p. 980.) The jury's special circumstance finding was a readily ascertainable fact from the record.

In sum, the jury's special circumstance finding under section 190.2, subdivision (a)(1), establishes that defendant is ineligible for relief as a matter of law. Thus, the court properly denied his petition without issuing an order to show cause.

10

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____

J.

We concur:

RAMIREZ _____

P. J.

McKINSTER _____

J.

11